**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH JAMISON, | : | CIV. ACTION NO. 16-9512 (JMV) |
| Plaintiff, | : | |
| v. | : | OPINION |
| P/O DWYER, *et al.*, | : | |
| Defendants. | : | |

**VAZQUEZ**, U.S. District Judge

This matter comes before the Court upon Plaintiff's filing of a prisoner civil rights complaint.[1] (Compl., ECF No. 1.) Plaintiff is a prisoner confined in Bayside State Prison in Leesburg, New Jersey. (*Id.*) He brings this civil action seeking damages and injunctive relief for alleged constitutional violations that occurred during his arrest, and for his lack of medical treatment in Hudson County Correctional Facility. (*Id.*)

28 U.S.C. § 1915A(a) provides: "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  Upon such review, the Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff paid the filing fee for a civil action.  *See* 28 U.S.C. § 1914.

I.  DISCUSSION

A.  Sua Sponte Dismissal

Courts must liberally construe pleadings that are filed pro se.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (internal quotation marks omitted).  "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making."  *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding in forma pauperis in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B. The Complaint

Plaintiff brings this civil action against Police Officers Dwyer and Kochanski of the Jersey City Police Department; Ms. Butler, Inmate Advocate of Hudson County Correctional Facility; and Dr. Kyzer at Hudson County Correctional Facility. (ECF No. 1.) Plaintiff alleges the following facts in support of his Complaint. On June 4, 2014, Officers Dwyer and Kochanski pulled Plaintiff off a fence to arrest him, injuring Plaintiff's back in the process. The officers called the paramedics but then canceled the call. Once Plaintiff arrived at the police department, he was taken to Jersey City Medical Center, where he was diagnosed with a spine fracture.

Plaintiff was then taken to Hudson County Correctional Facility. Plaintiff contends the Inmate Advocate, Ms. Butler, conspired with a doctor to prevent Plaintiff from receiving medical attention. Plaintiff contends Dr. Kyzer failed to see Plaintiff for eight months. When Plaintiff saw Dr. Kyzer, he told Plaintiff there was no rehabilitation for his injury. For relief, Plaintiff seeks damages and further medical evaluation.

C. Section 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

D.   Statute of Limitations on Section 1983 Claims

Plaintiff alleges violation of his constitutional rights by police officers and county jail employees. "[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 F. App'x 455, 457 (3d Cir. 2007). There is a two-year statute of limitations for claims brought under Section 1983. *See O'Connor v. City of Newark*, 440 F.3d 125, 126-27 (3d Cir. 2006) ("[f]or section 1983 actions in New Jersey, '[the governing personal injury] statute is N.J.S.A. 2A:14–2, which provides that an action for injury to the person caused by wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action") (quoting *Brown v. Foley*, 810 F.2d 55, 56 (3d Cir. 1987)).

Plaintiff filed this action in December 2016. The facts alleged in support of his claims against Dwyer and Kochanski occurred in June 2014, more than two years before the Complaint

4

was filed. (ECF No. 1 at 4.) It appears that Plaintiff discovered his injury the same day it occurred. (Id. at 6.) Therefore, his claims against Dwyer and Kochanski are untimely and will be dismissed without prejudice. Plaintiff may amend his complaint if he can allege facts that support equitable tolling of the statute of limitations.

### 1. Conspiracy Claim

Plaintiff alleges Ms. Butler conspired with an unnamed doctor to prevent him from receiving medical attention. (ECF No. 1 at 6.) A civil conspiracy under § 1983 is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Adams v. Teamsters*, 214 F. App'x 167, 172 (3d Cir. 2007).

Here, Plaintiff failed to allege any facts that plausibly suggest an illicit agreement between Ms. Butler and a doctor to deny Plaintiff medical treatment. His claim is merely conclusory. Therefore, the Court will dismiss the claim against Ms. Butler without prejudice. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 81 (3d Cir. 2013) (finding Plaintiff failed to allege facts in support of conspiracy claim).

### 2. Eighth Amendment Claim

Plaintiff alleges Dr. Kyzer failed to see him for eight months after he injured his back. When Dr. Kyzer saw Plaintiff, he said there was "no rehab" available for Plaintiff's injury. (ECF No. 1 at 6.)

The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates are provided adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976);

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. *Estelle*, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the *Estelle* test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Conduct that constitutes malpractice or negligence does not rise to the level of deliberate indifference; deliberate indifference is a reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).

To state a deliberate indifference claim for delay in medical treatment, a plaintiff must allege facts plausibly suggesting that "necessary medical treatment [was] delayed for non-medical reasons." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (quoting *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)). First, Plaintiff has not alleged that medical treatment was necessary. Dr. Kyzer's statement that there is no rehabilitation for Plaintiff's injury belies the suggestion that treatment was necessary. Second, Plaintiff has not alleged the necessary elements of a deliberate indifference claim, that Dr. Kyzer had "knowledge of the need for medical care [accompanied by] the refusal to provide that care." *See id.* Thus, the Court will dismiss the claim against Dr. Kyzer without prejudice.

II. CONCLUSION

For the reasons discussed above, the Court will dismiss the Complaint without prejudice.

An appropriate Order follows.

DATED:   February 24, 2017

S/ JOHN MICHAEL VAZQUEZ
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE
