NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KENNETH JAMISON, | : | CIV. ACTION NO. 16-9512 (JMV) |
| Plaintiff, | : | |
| v. | : | OPINION |
| P/O DWYER, *et al.*, | : | |
| Defendants. | : | |

**VAZQUEZ**, U.S. District Judge

This matter comes before the Court upon Plaintiff's filing of an amended prisoner civil rights complaint (ECF No. 4), and a motion to appoint pro bono counsel (ECF No. 5.)[1] On February 24, 2017, this Court reviewed Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A, and dismissed without prejudice the claims under 42 U.S.C. § 1983 against Officers Dwyer and Kochanski as barred by the statute of limitations, and further dismissed without prejudice the § 1983 claims against Ms. Butler and Dr. Kyzer for failure to state a claim upon which relief may be granted. (ECF Nos. 2, 3.) On March 27, 2017, Plaintiff filed an Amended Complaint, seeking to cure the deficiencies. The Court now reviews the Amended Complaint pursuant to 28 U.S.C. § 1915A.

28 U.S.C. § 1915A(a) provides: "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon

---

[1] In this Court's Opinion dated February 24, 2017, the Court mistakenly stated that Plaintiff paid the $400.00 civil filing fee. (ECF No. 2 at 1, n.1.) The Court now grants Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.)

such review, the Court must dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## I. DISCUSSION

### A. Sua Sponte Dismissal

Courts must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." *See Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, *Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York*, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

2

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B. The Amended Complaint

Plaintiff alleges that on June 4, 2014, Officers Dwyer and Kochanski of the Jersey City Police Department pulled him off a fence, injuring his back. (ECF No. 4, ¶6.) They called an ambulance for him but canceled the ambulance before it arrived, and took him to jail. (*Id.*) This Court dismissed these same claims without prejudice as barred by New Jersey's two-year statute of limitations for personal injury claims, applicable to § 1983 claims. (ECF No. 2 at 4-5.) In his Amended Complaint, Plaintiff alleges the statute of limitations should be equitably tolled:

> While incarcerated at Bayside State Prison I have tr[ied] to file my paperwork on time but me myself having to find certain people and after talking to the social worker and them not knowing how to find the right people or who could sign some of the papers I needed signed. It was [already] late so that is why [I] was prevented from reaching the deadline because the social worker could not point me in the right direction and was not able to sign my forms herself, and she was not aware on how to obtain my account certification form herself so I had to find out how to obtain that form. That is what brings me to the late filing of my claim.

3

(ECF No. 4 at 5-6.)

        1.        Equitable Tolling

"State law, unless inconsistent with federal law . . . governs . . . whether [the] limitations period [for claims under 42 U.S.C. §1983] should be tolled." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Plaintiff alleged his delay in filing was caused by his inability to find the right people to sign some of the papers he needed signed.

Plaintiff may be trying to assert that the limitations period was tolled while he exhausted his claims. Exhaustion of administrative remedies under the Prison Litigation Reform Act ["PLRA"] may equitably toll the statute of limitations. *Shakuur v. Costello*, 230 F. App'x 199, 201 (3d Cir. 2007). The Court notes, however, that Plaintiff was not required to exhaust administrative remedies under 42 U.S.C. § 1997e for his Fourth Amendment claims against his arresting officers because the excessive force did not occur in prison. *See* 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The alleged excessive force occurred before Plaintiff was taken to jail. Exhaustion of administrative remedies does not equitably toll the excessive force claims.

A more likely interpretation, however, is that Plaintiff is asserting that he could not file his claim in time because he did not know who to ask in prison and his social worker also did not know. Plaintiff does not explain why he did not file his claim before he was sentenced to prison and does not provide any explanation as to why he could not do so. Finally, Plaintiff may be indicating that he was already out of time when he first asked his social worker ("It was [already]

4

late[.]"). Of course, if the statute of limitations had already expired when Plaintiff first inquired of his social worker, such delay would not be excused.

At best, Plaintiff's explanation for delay in filing is too vague to constitute an extraordinary circumstance that justifies equitable tolling. Under New Jersey law, the statute of limitations may be tolled if the claimant: (1) "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"; (2) "has in some extraordinary way been prevented from asserting his rights"; and (3) "has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Super. Ct. App. Div. 2002) (internal quotations and citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* (citing *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir.1998)). Plaintiff may provide further information in support of equitable tolling, but, as discussed below, Plaintiff's excessive force allegations also fail to state a claim.

The PLRA exhaustion requirement may also apply to § 1983 claims of inadequate medical care. *See Shakuur v. Costello*, 230 F. App'x 199, 201 (3d Cir. 2007) ("[t]hough this Court has not spoken on the issue, several courts of appeals have concluded that, because exhaustion is mandatory under the PLRA, the statute of limitations applicable to § 1983 actions must be tolled while a prisoner exhausts.)

Furthermore, Plaintiff alleges continuing acts of deliberate indifference to his serious medical needs by Dr. Kyzer, which suggests the possibility of equitable tolling of the statute of limitations under the continuing violations doctrine. *See e.g. Green v. Corzine*, Civ. Action No.

5

09–1600 (AET), 2009 WL 1323574, at *6 n.5 (D.N.J. May 12, 2009) ("[t]he Third Circuit has recognized the continuing violations doctrine as an equitable exception to the timely filing requirement" (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). Therefore, at this time, the Court cannot conclude as a matter of law that the claim is untimely.[2]

    2. <u>Excessive Force</u>

A § 1983 excessive force claim based on the conduct of law enforcement during an arrest arises under the Fourth Amendment's protection against unreasonable seizure of the person. *Groman v. Township of Manalapan*, 547 F.3d 628, 633 (3d Cir. 1995) (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). "Police officers are privileged to commit a battery pursuant to a lawful arrest, but the privilege is negated by the use of excessive force." *Id.* (citing *Edwards v. City of Phila.*, 860 F.2d 568, 572 (3d Cir. 1988)). The use of force to effectuate an arrest must be reasonable. *Id.* (citing *Graham*, 490 U.S. at 396). The reasonableness of the officer's use of force, an objective inquiry, depends on the facts and circumstances of each particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Carswell v. Borough of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004) (quoting *Graham*, 490 U.S. at 396)).

Plaintiff alleges Officers Dwyer and Kochanski pulled him off a fence, called an ambulance for him, but cancelled it and took him to jail. It is reasonable to infer from the fact that the officers pulled Plaintiff off a fence that he was attempting to evade arrest by flight. The allegation that he

---

[2] The Court's finding is limited solely to the screening stage. Defendants are not precluded from raising a statute of limitations defense as to the deliberate indifference of medical needs claim is they deem it appropriate.

was injured when pulled from the fence is insufficient to infer the force used was unreasonable under the totality of circumstances, of which Plaintiff has provided little detail. "[T]he presence or absence of a physical injury is but one relevant factor to consider in the Fourth Amendment excessive force analysis." *Velius v. Township of Hamilton,* 754 F.Supp.2d 689, 694 (D.N.J. 2016) (citing *Sharrar v. Felsing,* 128 F.3d 810, 822 (3d Cir. 1997). Furthermore, the fact that the officers cancelled their call for an ambulance, without more information about why they should have waited for an ambulance, is insufficient to state a claim of a constitutional violation. The Court will dismiss the claims in the Amended Complaint against Officers Dwyer and Kochanski without prejudice because Plaintiff does not provide plausible factual allegations to support the claims.

       3.     Conspiracy Claim

Plaintiff alleges Ms. Butler, the Inmate Advocate, agreed with Dr. Kyzer that there was no rehabilitation for Plaintiff's injury, but after Ms. Butler spoke to Dr. Kyzer, he told Plaintiff about some exercises he could do. (ECF No. 4 at 6.) A civil conspiracy under § 1983 is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Adams v. Teamsters*, 214 F. App'x 167, 172 (3d Cir. 2007). The allegations in the Amended Complaint do not suggest an agreement between Ms. Butler and Dr. Kyzer to deliberately deny Plaintiff necessary medical care. As a result, the Court will dismiss this claim without prejudice.

       4.     Fourteenth Amendment Claim

Plaintiff alleges he was placed under the care of Dr. Kyzer when he arrived at the jail, and Dr. Kyzer did not evaluate or treat his back injury for the first two days, after which time he provided Plaintiff with a brace. (ECF No. 4 at 6.) Dr. Kyzer did not see Plaintiff again for eight months, until Plaintiff asked to see him about his progress. (*Id.*) During this time, Plaintiff was being held pretrial rather than post conviction.

"[T]he Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner . . .'" *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). The Third Circuit analyzes Fourteenth Amendment claims for inadequate medical care under the same standard as similar claims brought under the Eighth Amendment. *Id.*

"Where prison authorities deny reasonable requests for medical treatment. . . and such denial exposes the inmate to 'undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Additionally, "if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out." *Id.* at 346.

To state a claim for inadequate medical care, the medical need must be "serious." *Id.* at 347. Seriousness may be determined by reference to the effect of denying treatment. *Id.* Thus, a medical need is serious if denial of treatment results in unnecessary and wanton infliction of pain or if the denial or delay in treatment causes the inmate to suffer a life-long handicap or permanent loss. *Id.* (citations omitted)

For Plaintiff to state a Fourteenth Amendment claim for deliberate indifference to his serious medical need, the Court would have to infer: (1) that Plaintiff complained of back pain and requested to see a doctor upon arrival in jail; (2) that Dr. Kyzer was aware of the request; and (3) that Plaintiff did not receive treatment from any Dr. Kyzer in the first two days in jail; and (4) that he suffered unnecessary pain or a life-long handicap or permanent loss from the delay in treatment. Regarding the lack of follow up treatment, the Court would have to infer that Plaintiff's spine fracture was an injury that required earlier follow up treatment, either to treat pain or prevent life-long handicap or permanent loss, that Dr. Kyzer knew Plaintiff did not receive follow up treatment from any other provider, and that Dr. Kyzer delayed follow up treatment for non-medical reasons. Plaintiff's allegations do not permit the Court to make these inferences. The Court will deny this claim without prejudice.

Furthermore, Plaintiff has not plausibly pled a claim for deliberate indifference as to the alleged rehabilitation deficiencies. Plaintiff alleges that Dr. Kyzer told him there was no rehabilitation he could do for his injury, a spine fracture, but later told him about some exercises he could do. (ECF No. 4 at 6.) Plaintiff learned that there was "proper" rehabilitation for his type of injury. (*Id.*) "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "If the doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation." *White v. Napoleon*, 897 F.2d 103, 110 (1990).

Plaintiff has failed to state a claim for deliberate indifference based on failure to provide proper rehabilitation for his injury. If Plaintiff can meet the procedural requirements for a

9

negligence claim under the New Jersey Tort Claims Act, he may amend his complaint to raise a state law negligence claim. *See* N.J.S.A. § 59:8-8 ("A claim relating to a cause of action . . . for injury . . . shall be presented as provided in this chapter not later than the 90th day after accrual of the cause of action. After the expiration of six months from the date notice of claim is received, the claimant may file suit in an appropriate court of law"). The Court does not know if Plaintiff filed a timely notice of claim.

## II. MOTION TO APPOINT PRO BONO COUNSEL

Plaintiff seeks appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), which states "[t]he court may request an attorney to represent any person unable to afford counsel." Plaintiff asserts he is unable to afford counsel and lacks the skill and knowledge to represent himself in this matter. (*Id.*) There is no constitutional right to counsel in a civil action. *Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). Nonetheless, a court "may request an attorney to represent any person unable to employ counsel." *Id.* (quoting 28 U.S.C. § 1915(e)(1)). In determining whether to appoint counsel for an indigent litigant in a civil case, the court must first determine whether the Plaintiff's claim has "some merit in fact and law." *Id.* at 457 (quoting *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993)).

If Plaintiff's claim has some merit, the court should then consider the following factors:

>(1) the plaintiff's ability to present his or her own case;
>
>(2) the complexity of the legal issues;
>
>(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
>(4) the amount a case is likely to turn on credibility determinations;
>
>(5) whether the case will require the testimony of expert witnesses;

10

>     (6) whether the plaintiff can attain and afford counsel on his own
>     behalf.

*Id.* (quoting *Tabron*, 6 F.3d at 155-56, 157 n. 5).

The Court has reviewed the Amended Complaint and finds that it fails to state a claim upon which relief may be granted. Therefore, the Court denies Plaintiff's request for appointment of pro bono counsel without prejudice. Plaintiff may reassert his request for appointment of counsel if circumstances change as the case proceeds.

### III. CONCLUSION

For the reasons discussed above, the Court will dismiss the Amended Complaint without prejudice, and deny without prejudice the motion to appoint pro bono counsel.

An appropriate Order follows.

DATED: May 25, 2017

s/ John Michael Vazquez<br>
JOHN MICHAEL VAZQUEZ<br>
UNITED STATES DISTRICT JUDGE