UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KENNETH JAMISON,** | Civil Action No. 16-9512 (JMV) |
| Plaintiff, | |
| v. | |
| **DR. KYZER,** | OPINION AND ORDER |
| Defendants. | |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Kenneth Jamison for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e) [ECF No. 20]. Defendant Dr. Kyzer opposes Plaintiff's Motion [ECF No. 23][1]. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 20] is **DENIED**.

This matter concerns alleged constitutional violation pursuant to 42 U.S.C. § 1983. Compl. ECF No. 1. Plaintiff alleges that he was injured by various named Defendants during his arrest on June 4, 2014. *Id*. On February 24, 2017, the United States District Judge John Vazquez dismissed Plaintiff's Complaint without prejudice for failure to state a claim. ECF No. 3. On March 27, 2017, Plaintiff filed his Amended Complaint seeking damages and injunctive relief for alleged constitutional violations that occurred during his arrest, and for his lack of medical treatment in Hudson County Correctional facility. *See* ECF No. 4. On May 25, 2017, Judge Vazquez ordered, *inter alia*, that Plaintiff's Amended Complaint be filed and that the § 1983 claim against Dr. Kyzer may proceed. ECF No. 8. Plaintiff filed the present Motion for p*ro bono* counsel on October 27, 2017. ECF No. 20.

---

[1] The Court notes that the parties spell Defendant Dr. Kyzer's name differently. In the interest of clarity, the Court will use the spelling of Defendant's name which is listed on the Court's docket.

1

Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses; and
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v.*

*Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, Amended Complaint, application to proceed *in forma pauperis*, a letter requesting an extension of time, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. In his application for *pro bono* counsel, Plaintiff alleges, *inter alia*, that he needs a lawyer because "I am ignorant in the law and do not know my way around a law book . . . ." ECF No. 20. Plaintiff further alleges that he is unable to afford an attorney because he is currently incarcerated.[2] *Id*. Although Plaintiff states that he is unable to afford counsel, Plaintiff does not provide any information relevant to the remaining *Tabron* factors. Upon the Court's own review of this matter, it appears that the legal issues are not complex, that no extensive factual investigation will be required, and that the testimony of expert witnesses will likely not be required. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

---

[2] The Court notes that Defendant contacted the undersigned's chambers on May 17, 2018 and advised the undersigned's law clerk that he was no longer incarcerated and would be updating his contact information with the Clerk's Office.

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews his application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this 18th day of May, 2018,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF. No. 20] is **DENIED WITHOUT PREJUDICE**.

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**