<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENNETH JAMISON, | Civil Action No. 16-9512 (JMV/JBC) |
| Plaintiff, | |
| v. | **OPINION** |
| P/O DWYER, *et al.*, | |
| Defendants. | |

<u>APPEARANCES</u>

KENNETH JAMISON
512A Roosevelt Avenue
Toms River, New Jersey 08753
    Plaintiff, *pro se*

STEPHEN D. HOLTZMAN, Esq.
JEFFREY S. MCCLAIN, Esq.
HOLTZMAN & MCCLAIN, PC
524 Maple Avenue, Suite 200
Linwood, New Jersey 08221
    Counsel for Defendant Dr. Anthony Kaiser i/p/a Dr. Kyzer

**VAZQUEZ**, U.S. District Judge

    This matter comes before the Court upon Plaintiff's filing of a Second Amended Complaint, alleging civil rights violations. (ECF No. 19.) Defendant Dr. Anthony Kaiser, the only defendant on whom Plaintiff's First Amended Complaint was served, has filed an unopposed motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 22.) In addition to considering the merits of Dr. Kaiser's motion, the Court must review the Second Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may

be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons discussed below, the Court will grant Dr. Kaiser's motion and will also dismiss Plaintiff's Second Amended Complaint in its entirety, without prejudice, as to all defendants.

## I.   BACKGROUND

Initially, the Court notes that the substantive allegations detailed in Plaintiff's Second Amended Complaint remain largely unchanged from those set forth in Plaintiff's December 27, 2016 Complaint (ECF No. 1) and Plaintiff's March 27, 2017 First Amended Complaint (ECF No. 4.) As this Court has previously explained:

> Plaintiff brings this civil action[, *pro se*, under 42 U.S.C. § 1983] against Police Officers Dwyer and Kochanski of the Jersey City Police Department; Ms. Butler, Inmate Advocate of Hudson County Correctional Facility; and Dr. [Kaiser] at Hudson County Correctional Facility. Plaintiff alleges . . . [that on] June 4, 2014, Officers Dwyer and Kochanski pulled Plaintiff off a fence to arrest him, injuring Plaintiff's back in the process. . . . Once Plaintiff arrived at the police department, he was taken to Jersey City Medical Center, where he was diagnosed with a spine fracture.
>
> Plaintiff was then taken to Hudson County Correctional Facility.[1] Plaintiff contends the Inmate Advocate, Ms. Butler, conspired with Dr. [Kaiser] to prevent Plaintiff from receiving medical attention. Plaintiff contends Dr. [Kaiser] failed to see Plaintiff for eight months. When Plaintiff saw Dr. [Kaiser], he told Plaintiff there was no rehabilitation for his injury. For relief, Plaintiff seeks damages and further medical evaluation.

(Feb. 24, 2017 Op. at 2, ECF No. 2).

This Court dismissed Plaintiff's first pleading, in its entirety, on February 24, 2017. (ECF Nos. 2, 3.) In so doing, the Court noted, *inter alia*, that Plaintiff's § 1983 claims against Officers

---

[1] On May 21, 2018, the Court received a letter from Plaintiff requesting that all correspondence from the Court in this matter be sent to the Toms River, New Jersey address listed above. (ECF No. 25.) It therefore appears that Plaintiff may no longer be detained at Hudson County Correctional Facility.

Dwyer and Kochanski arise out of an incident which "occurred in June 2014, more than two years before [Plaintiff's original] Complaint was filed" and it "appears that Plaintiff discovered his injury the same day it occurred." (Feb. 24, 2017 Op., ECF No. 2 at 4-5). The Court therefore dismissed Plaintiff's claims against those two defendants as time-barred under the relevant statute of limitations, *i.e.*, New Jersey's two-year statute of limitations for personal injury claims. (*Id.*)

The Court further construed the facts alleged in Plaintiff's original Complaint as asserting a § 1983 civil conspiracy claim against Ms. Butler and a § 1983 inadequate medical care claim against Dr. Kaiser. (*Id.* at 5-6.) The Court found that Plaintiff's original complaint failed to state a cognizable claim against either of those defendants for which relief could be granted. (*Id.*) With respect to Ms. Butler, specifically, the Court expressly noted that Plaintiff's original pleading "failed to allege any facts that plausibly suggest an illicit agreement between Ms. Butler and a doctor to deny Plaintiff medical treatment." (*Id.* at 5.)

On March 27, 2017, Plaintiff filed his First Amended Complaint, naming the same four defendants identified in his original pleading. (ECF No. 4.) The Court dismissed Plaintiff's First Amended Complaint, in its entirety, on May 25, 2017,[2] for failing to state a claim against any of the named defendants for which relief could be granted. (ECF Nos. 7, 8.) At that time, the Court noted that dismissal of Plaintiff's claims against Officers Dwyer and Kochanski as time-barred remained appropriate where:

> [Plaintiff's] explanation for delay in filing [his claims against Police Officers Dwyer and Kochanski was] too vague to constitute an extraordinary circumstance that justifies equitable tolling. Under New Jersey law, the statute of limitations may be tolled if the claimant: (1) "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"; (2) "has in some extraordinary way been prevented from asserting his rights"; and (3) "has timely asserted his rights mistakenly by either defective

---

[2] At that time, the Court also granted Plaintiff *in forma pauperis* status. (ECF No. 8.)

> pleading or in the wrong forum." *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Super. Ct. App. Div. 2002) (internal quotations and citations omitted). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Id.* (citing *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).

(May 25, 2017 Op. at 5, ECF No. 7.)  The Court also found that even if Plaintiff's First Amended Complaint presented a basis for this Court to equitably toll the statutory period for Plaintiff to bring those claims, the facts alleged against the police officer defendants still failed to give rise to a cognizable § 1983 claim:

> Plaintiff alleges Officers Dwyer and Kochanski pulled him off a fence, called an ambulance for him, but cancelled it and took him to jail. It is reasonable to infer from the fact that the officers pulled Plaintiff off a fence that he was attempting to evade arrest by flight. The allegation that he was injured when pulled from the fence is insufficient to infer the force used was unreasonable under the totality of circumstances, of which Plaintiff has provided little detail. "[T]he presence or absence of a physical injury is but one relevant factor to consider in the Fourth Amendment excessive force analysis." *Velius v. Township of Hamilton*, 754 F. Supp. 2d 689, 694 (D.N.J. 2016) (citing *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). Furthermore, the fact that the officers cancelled their call for an ambulance, without more information about why they should have waited for an ambulance, is insufficient to state a claim of a constitutional violation.

(*Id.* at 6-7.)  The Court likewise found that Plaintiff's First Amended Complaint again failed to state a cognizable § 1983 claim against Ms. Butler or Dr. Kaiser.  The Court noted the following in support of that finding:

> Plaintiff alleges Ms. Butler, the Inmate Advocate, agreed with Dr. [Kaiser] that there was no rehabilitation for Plaintiff's injury, but after Ms. Butler spoke to Dr. [Kaiser], he told Plaintiff about some exercises he could do. A civil conspiracy under § 1983 is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the

4

principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Adams v. Teamsters*, 214 F. App'x 167, 172 (3d Cir. 2007).  The allegations in the Amended Complaint do not suggest an agreement between Ms. Butler and Dr. [Kaiser] to deliberately deny Plaintiff necessary medical care. . . .

. . . .

Plaintiff [additionally] alleges [that] he was placed under the care of Dr. [Kaiser] when he arrived at the jail, and Dr. [Kaiser] did not evaluate or treat his back injury for the first two days, after which time he provided Plaintiff with a brace.  Dr. [Kaiser] did not see Plaintiff again for eight months, until Plaintiff asked to see him about his progress.  During this time, Plaintiff was being held pretrial rather than post conviction.

. . . .

"Where prison authorities deny reasonable requests for medical treatment. . . and such denial exposes the inmate to 'undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).  Additionally, "if necessary medical treatment [i]s . . . delayed for non-medical reasons, a case of deliberate indifference has been made out." *Id.* at 346.  To state a claim for inadequate medical care, the medical need must be "serious."  *Id.* at 347.  Seriousness may be determined by reference to the effect of denying treatment.  *Id.*  Thus, a medical need is serious if denial of treatment results in unnecessary and wanton infliction of pain or if the denial or delay in treatment causes the inmate to suffer a life-long handicap or permanent loss.  *Id.* (citations omitted)

For Plaintiff to state a Fourteenth Amendment claim for deliberate indifference to his serious medical need, the Court would have to infer: (1) that Plaintiff complained of back pain and requested to see a doctor upon arrival in jail; (2) that Dr. [Kaiser] was aware of the request; and (3) that Plaintiff did not receive treatment from any Dr. [Kaiser] in the first two days in jail; and (4) that he suffered unnecessary pain or a life-long handicap or permanent loss from the delay in treatment.  Regarding the lack of follow up treatment, the Court would have to infer that Plaintiff's spine fracture was an injury that required earlier follow up treatment, either to treat pain or prevent lifelong handicap or permanent loss, that Dr. [Kaiser] knew Plaintiff did not receive follow up treatment from any other

5

> provider, and that Dr. [Kaiser] delayed follow up treatment for non-medical reasons. Plaintiff's allegations do not permit the Court to make these inferences. The Court will deny this claim without prejudice.
>
> Furthermore, Plaintiff has not plausibly pled a claim for deliberate indifference as to the alleged rehabilitation deficiencies. Plaintiff alleges that Dr. [Kaiser] told him there was no rehabilitation he could do for his injury, a spine fracture, but later told him about some exercises he could do. Plaintiff learned that there was "proper" rehabilitation for his type of injury. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "If the doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation." *White v. Napoleon*, 897 F.2d 103, 110 (1990).
>
> Plaintiff has failed to state a claim for deliberate indifference based on failure to provide proper rehabilitation for his injury. . . .

(*Id.* at 8-10 (internal citations to record omitted).)

While the Court's May 25, 2017 Opinion is clear that Plaintiff's First Amended Complaint again failed to state a claim against any defendant for which relief could be granted, the accompanying Order erroneously stated that the § 1983 claim against Dr. Kaiser would proceed. (ECF No. 8.)

As a result, Dr. Kaiser was served with Plaintiff's First Amended Complaint on July 17, 2017. (ECF No. 12.) Dr. Kaiser filed an Answer on August 16, 2017. (ECF No. 13.) Thereafter, on August 30, 2017, Dr. Kaiser moved, pursuant to Federal Rule of Civil Procedure 12(c), for "dismiss[al of] any and all claims against [him]" in light of the express findings detailed in this Court's May 25, 2017 Opinion. (ECF No. 15.) On September 25, 2017, the Court granted Dr. Kaiser's motion. At that time, the Court expressly noted that "Plaintiff's Amended Complaint fail[ed] to state a claim upon which relief may be granted against Defendant [Kaiser]." (Sept. 25,

2017 Op. at 3, ECF No. 17 (internal citations omitted).)  The Court affirmed that Plaintiff's "[First] Amended Complaint [was] dismissed[, in its entirety,] without prejudice." (*Id.*)

Plaintiff filed his current pleading, *i.e.*, the Second Amended Complaint, on October 27, 2017. (ECF No. 19.) On December 22, 2017, Dr. Kaiser filed a Rule 12(b)(6)[3] motion seeking dismissal of Plaintiff's Second Amended Complaint for failure to state a claim. (See ECF No. 22 at ¶ 1.) Plaintiff has not filed opposition to that motion. Moreover, while Dr. Kaiser has now appeared in this matter, Plaintiff's Second Amended Complaint remains subject to this Court's *sua sponte* screening under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding as indigent.

## II.     STANDARD OF REVIEW

District courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). This statute directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Thus, the Court applies the same standard of review to both Dr. Kaiser's motion and the *sua sponte* screening.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a

---

[3] The Court notes that the caption of Dr. Anthony Kaiser's notice of motion indicates that the motion is being made pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 22.) The substantive language in that notice and in the accompanying letter brief, however, make clear that Dr. Kaiser's motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 22 and 22-1 at 6.

7

complaint "for failure to state a claim upon which relief can be granted[.]" According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially *plausible*. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *see also Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Plausibility requires more than a mere possibility but less than a showing of probability. Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

The foregoing considerations apply with equal force to Dr. Kaiser's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). That is because

### III.   ANALYSIS

Based on a review of the factual allegations and claims in the Second Amended Complaint, the Court concludes that Plaintiff has failed to provide any additional information addressing the specific pleading deficiencies noted by the Court in its February 24 and May 25, 2017 Opinions. Indeed, Plaintiff's Second Amended Complaint fails to provide additional information upon which this Court could find that its prior dismissal of Plaintiff's claims against Officers Dwyer and

Kochanski as time-barred was inappropriate, *e.g.*, by presenting additional reasons showing why equitable tolling of those claims would be appropriate. Instead, Plaintiff again details the same facts and circumstances which the Court previously found failed to support equitable tolling, *i.e.*, that but-for Plaintiff's inability to get the correct information from prison officials regarding how to properly file his Complaint, he would have initiated this action sooner. (*See* ECF No. 19 at ¶ 6.) The factual allegations against Ms. Butler are similarly bereft of any new information beyond those detailed in Plaintiff's prior two pleadings. It further appears that the factual allegations Plaintiff makes against Dr. Kaiser in his Second Amended Complaint remain substantially the same as those set forth in Plaintiff's prior pleadings. The Court is unable to find any new facts alleged against Dr. Kaiser which address the pleading deficiencies identified in the Court's prior Opinions.

In short, it fully appears that Plaintiff's Second Amended Complaint fails to provide facts or information beyond that which this Court has already expressly found was inadequate for purposes of allowing Plaintiff's prior two pleadings to proceed past *sua sponte* screening. Accordingly, and for the additional reasons detailed in those prior Opinions – both of which the Court now expressly incorporates by reference – the Court finds that dismissal of Plaintiff's Second Amended Complaint, in its entirety is appropriate.

IV.   CONCLUSION

For the reasons detailed above, Plaintiff's Second Amended Complaint will be dismissed without prejudice as against all defendants. Because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted in this Opinion, Plaintiff shall be given **<u>one final</u>** opportunity to file a Third Amended Complaint should he elect to do so. That pleading shall also be subject to screening and if the Court finds that the Third

9

Amended Complaint is again insufficient, then the Court will dismiss the Third Amended Complaint, in whole or in part, with **prejudice**. A dismissal with prejudice means that Plaintiff will not be able to sue the defendants again based on the allegations in the Third Amended Complaint. An appropriate Order accompanies this Opinion.


Date: June 18, 2018                         s/ John Michael Vazquez
At Newark, New Jersey                JOHN MICHAEL VAZQUEZ
                                                 United States District Judge